UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,

                            Plaintiff,

        -against-                                  COMPLAINT

DELAWARE NORTH COMPANIES, INC. - BOSTON
d/b/a TD GARDEN,

                            Defendant.
----------------------------------------------------------------------X

Building Service 32BJ Health Fund ("Fund"), as and for its Complaint against Delaware North Companies, Inc. - Boston d/b/a TD Garden ("Defendant"), respectfully alleges as follows:

## NATURE OF ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee health fund for statutory, injunctive and other equitable relief under ERISA to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit required monetary contributions by electronic wire transfers. This Complaint alleges that by failing, refusing or neglecting to electronically pay and submit the required monetary contributions and/or electronic reports to the Fund when due, Defendant violated its collective bargaining agreement, the trust agreement of the Fund, the rules and regulations of the Fund, and ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

        (a)    Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

        (b)    Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

        (c)    28 U.S.C. Section 1331 (federal question); and

(d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on Defendant in any other district in which it may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4. The Fund is a jointly-administered, multi-employer, labor-management trust fund established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Fund is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Fund is authorized to maintain suit as an independent legal entity under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Fund is, inter alia, to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ (District 615) ("Union"), to invest and maintain those monies, and to distribute health benefits to those employees eligible to receive them. The Fund maintains its offices and is administered at administered at 25 West 18th Street, New York, New York 10010, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its main offices and is administered at 25 West 18th Street, New York, New York 10010, in the City, County, and State of New York.

6. Upon information and belief, at all times material hereto Defendant was, and continues to be, a for-

profit Delaware corporation owning and operating a commercial business having a places of business at various locations, including 100 Legends Way, in the city of Boston, county of Suffolk, State of Massachusetts, and doing business as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7. The Agreement provided in relevant part:

> Effective December 1, 2019, the Company [Defendant] shall make contributions to Building Service 32BJ Health Fund as outlined below for all full-time employees who qualify for coverage....
> The Company [Defendant] shall comply and agrees to be bound by the Trust Agreement and Collection policy (including subsequent amendments, rules and regulations) of the specific funds it is providing contributions to.

8. The Agreement and Declaration of Trust ("Trust Agreement") of the Fund provides in pertinent part:

A) ARTICLE III:
CONTRIBUTING EMPLOYERS
Industry Employers.
A) Any employer who as of the date of this Agreement is obligated by a Collective Bargaining Agreement to make contributions to the Health Fund, or to a predecessor trust fund that has been merged into it, shall become a contributing Employer to the Trust Fund on the date of this Agreement and shall be bound by the terms of this Trust Agreement.
(b) Any other employer who subsequently becomes a party to a Collective Bargaining Agreement which obligates that employer to contribute to the Trust Fund shall also become a contributing Employer and shall be bound by the terms of this Trust Agreement.

B) ARTICLE V
POWERS OF THE TRUSTEES
Administrative Powers. The Trustees shall have all the general and incidental powers necessary or appropriate to the proper administration of the Plan and the Trust Fund, provided that the Trustees shall have no authority to change the rate of Employer Contributions prescribed in any Collective Bargaining Agreement or Participation Agreement, except as Article V, Section 10 provides. Included within such Trustee powers but not by way of limitation, shall be the power: ...

(g) To make, amend, modify or repeal rules and regulations which the Trustees, in their sole discretion, deem necessary or proper for administering the Plan or carrying out the provisions of this Trust

Agreement; ....

C)  ARTICLE V
    POWERS OF THE TRUSTEES
    Section 3.
    General Powers. The Trustees shall also have the power to do all acts, whether or not expressly authorized herein, which they deem necessary or proper for the protection of the Trust Fund or for carrying out the purposes of this Agreement or for accomplishing the general objectives of the Plan....

    (g) To make, amend, modify or repeal rules and regulations which the Trustees, in their sole discretion, deem necessary or proper for administering the Plan or carrying out the provisions of this Trust Agreement;

D)  ARTICLE VIII
    OBLIGATIONS OF EMPLOYERS
    Section 1. Acceptance of Trust Agreement. Each Employer, upon the signing of a Collective Bargaining Agreement or Participation Agreement, or upon remitting contributions to the Trust Fund, shall be deemed thereby to have agreed to all provisions of this Trust Agreement, to such amendments thereto as the Trustees may adopt pursuant to Article IX, and to all rules and regulations established by the Trustees...

    Section 4. Reports to Trustees. Each Employer shall make such reports to the Fund as maybe required by the Trustees for the proper administration of the Plan and Trust Fund....

9.  Pursuant to the authority vested in them under the Trust Agreement, the Trustees of the Fund promulgated a rule and regulation that effective January 1, 2015, all contributing employers, would be required to register with the Fund's electronic reporting and remittance system ("ESS"), and henceforth provide the Fund with the required employee update information and payment through ESS.

10. The Employer Self-Service (ESS) system is a web-based system used by contributing employers to maintain employee roster information and remittance of required Benefit Fund Contributions. ESS collects contributions for a number of separate multi-employer plans, including the Fund, covering 32BJ members. Payments are made by wire transfer.

11. Prior to January 1, 2015 participation in ESS was voluntary, with employers having the option to participate or to continue remitting reports and payment by paper transaction (to wit, payment by check).

12. Since January 1, 2015 payment and participation in ESS became mandatory.

13. As of January 1, 2015 the Fund has closed down its department responsible for paper transactions and no longer processes payments through a paper system.

14. Effective December 1, 2019, Defendant became obligated to contribute to the Fund.

15. To date the Defendant has failed and refused to participate in ESS and Defendant continues to fail and refuses to participate in ESS.

16. Since January 1, 2015, in the ordinary course of its business, the Fund has been unable to process paper transactions and the Defendant's failure and refusal to remit contributions through ESS, such failure caused, and will cause, the Fund, and the affected employees undue harm and hardship.

17. The Defendant's continued refusal to comply with the Fund's rules and regulation can result in the employees being denied medical insurance as a consequence of the non-payments.

18. The Fund's Collection Policy provides for payment only through the ESS system. The policy reads, in pertinent part:

> **When a Contribution is "Received" by the Funds.** A contribution is received by the Funds only if the money is transmitted electronically on or before 7:00 p.m. on the specified date. If the specified date falls on a weekend or holiday, the contribution is received only if the money is transmitted electronically on or before 7:00 p.m. on the last business day before the specified date.

19. The Collection Policy provides for interest and damages in the event of a delinquency. The policy mandates pre-judgment interest of 9% per year, liquidated damages of 20% of total principal due, and all of the Funds' expenses of collection or enforcement, including arbitration costs, court costs, and attorney's fees, in addition to the interest and liquidated damages.

20. Accordingly, Defendant is liable to the Fund for the electronic payment and/or submission of the

required monetary contributions and/or reports to the Fund as aforesaid, and are liable for the additional amount of statutory damages of prejudgment interest and liquidated damages, together with reasonable attorneys' fees, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

21. The Fund seeks an order of the Court directing the Defendant to comply with its Agreement with the Union, to immediately comply the Fund's ESS rules and regulations requiring the Defendant to remit the employee status information and payment electronically through the ESS system, an assessment of interest at the rate of 9% until such principal sums are paid through the ESS system, liquidated damages of 20% of the unpaid principal at the time judgment is entered, reasonable attorney's fees in an amount to be determined by the Court, costs and disbursements of this litigation, and such other and further relief as the Court may deem appropriate.

WHEREFORE, the Fund respectfully prays that judgment be entered in as described above, and that the Fund be granted such other and further relief as the Court deems just and proper, including relief under ERISA of attorney's fees, costs and disbursements.

Dated: Fort Lee, New Jersey
March 12, 2020

RAAB, STURM & GANCHROW, LLP

By:_____

Ira A. Sturm (IS-2042)
*Attorneys for Plaintiff Fund*
2125 Center Avenue, Suite 100
Fort Lee, new Jersey 07024
201-292-0150
Fax: 201-292-0152
Email: isturm@rsgllp.com